## NATIONAL LIFE ASSOCIATION *v.* BROWN.

1. It being in a contract of life-insurance stipulated that, "if all stipulated payments or notes are not paid on or before the day when due, then, and in either event, this contract shall become null and void and all moneys paid thereon shall be forfeited to the said association," a failure by the insured to pay on or before its maturity a promissory note given for the

first premium worked a forfeiture of the policy. And this is true although the company, through its agent, made an effort to collect the note but failed to do so.

2. The recovery had in the present case was contrary to law, and the court erred in refusing to grant a new trial.

Argued December 13, 1897. — Decided January 22, 1898.

Action on insurance policy. Before Judge Reid. City court of Atlanta. May term, 1897.

*Estes & Jones* and *Ellis & Gray*, for plaintiff in error.
*R. O. Lovett*, contra.

CObb, J. The plaintiff brought suit against the defendant upon a policy of life-insurance, issued to his son, in which the plaintiff was named as the beneficiary. It appeared from the evidence that the insured made application to the company for a policy, and in the application it was agreed that "if all stipulated payments or notes are not paid on or before the day when due, then, and in either event, this contract shall become null and void and all moneys paid thereon shall be forfeited to the said association." At the time of making the application the insured paid $3.90 in cash, which covered the cost of his medical examination, and gave to the agent of the company a note for fifteen dollars for the balance of the first annual premium. The company accepted the application and issued a policy for one thousand dollars, which was delivered to the insured by the agent who took the application. A receipt for the first premium was also transmitted to the agent, but this was not delivered to the insured. When the note matured it was forwarded through a bank for collection, and payment being refused, further efforts were made to collect it, but collection was never made. After the refusal by the insured to pay the note, the agent returned it to the home office of the company, and the policy was cancelled. All this occurred in the lifetime of the insured. It does not appear that any notice of cancellation was ever sent to the insured. The court directed the jury to return a verdict in favor of the plaintiff. To the overruling of a motion for a new trial it excepted.

This case is controlled by the case of *Sullivan* v. *Conn. Indemnity Ass'n*, 101 *Ga.* 809. The policy had lapsed in the life-

time of the insured, according to the very terms of the contract made by him in his application. Under the contract between the insured and the company, no notice was necessary in order to cancel the policy on account of non-payment of the note given for the premium. The failure to pay at the time of its maturity worked a forfeiture of the policy without further notice. See Joyce on Ins. §§ 1106, 1208 et seq. There was in this case, as in the *Sullivan* case, an effort to collect the premium note. This will certainly not amount to a waiver of a forfeiture which had already taken place, when payment had never been made. The court erred in directing a verdict for the plaintiff, and a new trial should have been granted.

*Judgment reversed. All the Justices concurring.*