## 12170

### ALLEN v. JEFFERSON STANDARD LIFE INSURANCE CO.

#### (137 S. E., 214)

1. EVIDENCE—LETTER PROPERLY MAILED IS PRESUMED TO BE RECEIVED.— A letter properly mailed is presumed to be received in due course.

2. INSURANCE—EVIDENCE ON WHETHER INDULGENCES GRANTED INSURED CONSTITUTED WAIVER OF INSURER'S RIGHT TO FORFEITURE FOR NONPAYMENT OF PREMIUM HELD FOR JURY.—Evidence, in suit on life insurance policy, relative to whether indulgences granted insured by insurer constituted waiver of right to forfeiture for nonpayment of premium when due, held sufficient to warrant submission to jury.

3. INSURANCE—INSURER BY ITS ACTS MAY WAIVE BREACH OF CONDITIONS BY INSURED.—After knowledge of breach of the conditions of contract of insurance by insured, the insurance company by its acts may waive such breach.

4. INSURANCE—QUESTION OF WAIVER OF RIGHT TO FORFEITURE OF POLICY IS FOR JURY, UNLESS ONLY ONE INFERENCE CAN BE DRAWN FROM TESTIMONY.—Question of waiver by insurer of right to forfeiture of life insurance policy for nonpayment of premium is for jury, unless only one inference can be drawn from the testimony.

5. INSURANCE—QUESTION OF WAIVER IS PROPERLY SUBMITTED TO JURY, WHERE ALL FACTS TAKEN TOGETHER WARRANT INFERENCE OF WAIVER.—Even though no one of the facts is sufficient itself to warrant an inference of waiver, yet if, taken together, they tend to produce that result, then there is no error in submitting that question to jury.

6. INSURANCE—INSURER IS ESTOPPED TO CLAIM FORFEITURE AFTER LEAD-
ING INSURED TO BELIEVE THAT SENDING NOTE, CHECK, AND APPLI-
CATION PREVENTED FORFEITURE.—If insurer's course of action is such
as to lead insured honestly to believe that sending of note, check,
and application for reinstatement would operate to prevent for-
feiture of policy, and he acted in conformity thereto, the insurer
is estopped to claim forfeiture under provisions of policy.

Before MANN, J., Greenville.   Affirmed.

Suit by H. W. Allen, as administrator of the estate of
Holmes Allen, deceased, against the Jefferson Standard Life
Insurance Company.   Judgment for plaintiff, and defend-
ant appeals.

*Messrs. Brooks, Parker & Smith, Wilton H. Earle, and
Haynsworth & Haynsworth,* for appellant, cite:  *Nonpay-
ment of premium defaults policy:* 93 S. C., 88.  *Necessity
for prompt payment:* 26 L. Ed., 662; 104 U. S., 88; 23
L. Ed., 789; 47 L. Ed., 211; 187 U. S., 335; 142 N. C.,
55; 54 S. E., 854; 115 A. S. R., 729.  *Right of reinstate-
ment conditional:* 25 Cyc., 849.  *Satisfactory evidence of
insurability to company necessary:* 95 S. C., 1; 135 S. C.,
48.  *Granting or withholding approval discretionary with
Company:* 25 L. R. A. (N. S.), 78.  *In absence of fraud
or legal wrong action of company not questionable:* 115 A.
S. R., 729.  *Conditional offer to reinstate policy not waiver
of forfeiture:* 93 S. C., 88; 130 S. C., 1.  *Retention of
note and check pending fulfillment, same:* 95 S. C., 1.  *Cases
distinguished:* 96 S. C., 375.  *Conflict of evidence as to
whether conditions of reinstatement were met:* 121 S. C.,
378.  *Misleading insured:* 131 S. C., 405.

*Messrs. J. J. McSwain, and Dean, Cothran & Wyche,*
for respondents, cite:  *Where premium sent after policy
had lapsed, unaccompanied by application for reinstate-
ment, judgment for plaintiff sustained:* 134 S. C., 532.
*Whether indulgences granted constitute waiver question for
jury:* 57 S. C., 16.  *No error if inference of waiver can
be drawn only from facts as a whole, same:* 75 S. C., 334;
101 S. C., 249.  *Policy voidable, not void, for breach of*

*condition:* 54 S. C., 599.   *Agent may waive forfeiture:*
88 S. C., 31, 70.   *Forfeitures not favored in law:* 144 U.
S., 439; 12 S. Ct., 671; 36 L. Ed., 496.   *Same, once
waived, cannot afterwards be insisted upon:* 112 S. W.,
681; 113 S. W., 824; 19 L. R. A. (N. S.), 227.   *Jury
may infer waiver from circumstances:* 135 S. E., 367;
96 S. C., 375.   *Conflicting evidence as to receipt of letters
question for jury:* 121 S. C., 378.   *Misleading insured
into believing that fulfillment of certain conditions would
make policy effective, estops company from claiming for-
feiture:* 127 S. E., 836.   *Cases distinguished:* 93 S. C.,
88.·

March 8, 1927.

The opinion of the Court was delivered by MR. JUSTICE
STABLER.

On November 15, 1921, the defendant company insured
the life of Holmes Allen in the sum of $4,000.00, the
policy being made payable to his estate.   The insured
died on April 3, 1923, and proof of his death was filed with
the company on the 9th day of that month.   The company
refused to pay the amount of the policy, and this suit was
brought by the administrator of the estate of the insured ·
for the purpose of collecting same.   The defendant alleged,
as a defense, that under the terms of the contract of in-
surance the policy had lapsed by reason of the failure of
the insured to pay the annual premium of $115.36, due No-
vember 15, 1922.   From a judgment in favor of the plain-
tiff, the defendant appeals to this Court, complaining of.
error on the part of the Circuit Judge in two particulars:
(1) Error in refusing to direct a verdict for the defendant,
upon the ground that the testimony showed that the policy
had lapsed by nonpayment of the premium and that there
had been no reinstatement, and that there was no evidence
that. the defendant waived forfeiture of the policy, or that
it was estopped to deny liability under same; and (2) error

in the refusal of the Court to charge the defendant's twelfth request.

In considering the first ground of imputed error it will be necessary to review the testimony adduced in the case. The policy contains the following provision:

In case of default of any premium or installment of premium, or note given for any premium, or portion thereof, this policy shall cease and determine and the payments received hereon shall become the property of the company except as specified on second page hereof."

As the annual premium of $115.36, which became due on November 15, 1922, was not paid by the insured on its due date or within the 30 days of grace given, a forfeiture was allowed by the provisions of the policy, and so the only questions that we are here concerned with are: Did the defendant waive the forfeiture of the policy? And is it estopped to deny liability thereunder?

The insured's policy was assigned to the defendant company by the insured as collateral security in connection with a mortgage loan which the company had made on the house of his father. The insured having failed, as stated, to pay the annual premium, the company, through its assistant secretary, H. P. Leak, on January 3 and 16, 1923, wrote the insured, reminding him of the assignment of the policy and insisting upon immediate action on his part in executing the application for reinstatement and sending a check for the amount of the premium. Receiving no reply to these letters, the company on January 26 wrote him as follows:

"Unless the above policy on your life is immediately reinstated, we regret that we will have to foreclose your mortgage loan with which it is assigned."

Upon the receipt of this letter, the insured wrote the agent of the company at Greenville, S. C., with whom he was personally acquainted, inclosing the letter which he had received from the company and requesting his assistance

in making arrangements to take care of the matter, as he did not want the mortgage on his father's house foreclosed. The agent forwarded the insured's letter to the company at Greensboro, N. C., with a statement that the insured was honest and that his failure to pay the premium was due to misfortune through loss by fire. Thereupon, the company wrote the insured as follows:

"If you will execute the inclosed application for reinstatement and send in with check or money order for $25.26 and the inclosed premium note for $90.00, dated November 15, 1922, and due May 15, 1923, we will be glad to consider your reinstatement and if application is approved, this extension will be granted.

"If application is sent in before February 15, we will endeavor to give this our consideration without the necessity of your executing part II before a physician."

In reply to this letter the insured wrote the company on February 12 that he would be unable to pay the premium before February 25th and asked that they extend the time for payment to that date. In reply to this the company wrote him on February 15 as follows:

"If you tender me settlement as outlined in our letter of February 2, with application for reinstatement, properly executed, on February 25, we will be glad to consider the reinstatement of your policy at that time."

The insured, in due time, forwarded by mail to the company the check for the required amount, with the executed note and the application for reinstatement, with the exception of part II, filled out and signed. In a letter accompanying these papers the insured expressed to Mr. Leak his appreciation of his assistance. Afterwards, on or about March 1, 1923, the company organized a reinstatement department with T. S. M. Bloodworth as manager, and from that date whatever correspondence was had between the company and the insured was through Bloodworth. On March 5, Bloodworth wrote the insured that, as his appli-

cation for reinstating the policy was not sent within the 90 days allowed for an informal health certificate, it would be necessary for him to execute part II of the certificate before some reputable physician. In reply to this the insured wrote Bloodworth as follows:

"In Mr. Leak's letter to me some time ago, he stated that it would not be necessary for me to fill in part II provided I sent the application and remittance in by a certain time, agreed to by him. So I am writing you to this effect, rather than going to some physician here and paying $5.00 for an examination. I made an assertion that I was in good health with my application."

Bloodworth claims that he wrote the insured again in reference to the matter on the 13th and 28th of March, but that the company never received any reply to these letters. Whether these letters were received by the insured or not is not shown by the testimony, but a letter properly mailed is presumed to be received in due course. *Burbage v. Insurance Co.,* 138 S. C., 208; 136 S. E., 230. In the letter of March 28, which the company claims to have written the insured, the following passage is noted:

"As this policy is assigned to the company in connection with your mortgage loan, it must be kept in force."

The insured was taken seriously ill on March 13 and died on April 3; and proof of his death was filed with the company's agent at Greenville, S. C., on April 9. The company claims that it mailed from Greensboro, N. C., on April 13, to the insured's last known address at Philadelphia, Pa., the check and note sent it by the insured in the month of February.

Under the testimony thus adduced, the trial Judge properly submitted to the jury the question whether the indulgences granted the insured by the defendant constituted waiver. *Cope v. Insurance Co.,* 134 S. C., 532; 133 S. E., 440. *Sparkman v. Supreme Council,* 57 S. C., 16; 35 S. E., 391. After knowledge of a breach of the

conditions of a contract of insurance by the insured, the insurance company by its acts may waive such breach. *Kingman v. Insurance Co.,* 54 S. C., 599; 32 S. E., 762.

The testimony herein set out and other testimony of the case tended to show that the company insisted that the policy be kept in force because it was assigned to the company in connection with a mortgage loan; that under specific directions from the company the insured mailed to it his check and note in payment of the premium due November 15, 1922; that the company duly received and kept the check and note in its possession for more than a month, apparently keeping alive the policy during that whole time, and mailed them to the last address of the insured only on April 13, some days after proof of his death had been filed. All of this tended to show waiver by the company of the forfeiture. The question of waiver, unless only one inference can be drawn from the testimony, is for the jury. *Rogers v. Insurance Co.,* 135 S. C., 89; 133 S. E., 215; 45 A. L. R., 1172. *Hollings v. Bankers' Union,* 63 S. C., 197; 41 S. E., 90. Even though no one of the facts is sufficient in itself to warrant an inference of waiver, yet if, taken together, they tend to produce that result, then there is no error in submitting that question to the jury. *Cope v. Insurance Company, supra. Clark v. Insurance Company,* 101 S. C., 249; 85 S. E., 407.

If the company waived the insured's forfeiture of the policy through his failure to pay the annual premium, it could not afterwards claim such forfeiture under the terms of the policy or by returning the note and check after the death of the insured. In fact, the holding of the note and check by the company for a long period of time, and until proof of claim was filed, was some evidence of waiver to go to the jury. *McManus v. Insurance Company,* 96 S. C., 375; 80 S. E., 613.

The question of estoppel was also properly submitted to the jury. If the company's course of action in the matter was such as to lead the insured honestly

to believe, as the testimony tended to show, that the sending of the note, the check, and the application (except part II) for reinstatement would operate to prevent forfeiture of the policy, and he acted in conformity thereto, the company would be estopped to claim forfeiture under the provisions of the policy. *Harvey v. Insurance Co.,* 131 S. C., 405; 127 S. E., 836.

The second ground of imputed error has been disposed of by what we have already said. To have charged as requested would have been reversible error.

The case of *Perkins v. Insurance Company,* 93 S. C., 88; 76 S. E., 29, and other cases cited by the appellant, do not control in the decision of this case, as the facts of those cases differentiate them from the case at bar.

We see no errors in the rulings of the trial Judge as complained of, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES. COTHRAN, BLEASE, and CARTER concur.