### HANESLEY v. MONROE *et al.*

It was error to allow the defendants in an action for services alleged' to have been rendered them in procuring a loan, under an express contract that they were to pay the plaintiff for such services a specified commission, to file a plea to the effect that the latter, at the time the defendants' application for a loan was presented to an insurance company by which such loan was made, was an agent of' that company, whose duty, as such, was to solicit applications for insurance therein, that the rules of such company forbade its agents to take or receive commissions for services in procuring loans from the company, other than their commissions on the premiums upon the insurance taken, and that the plaintiff could not, under the said rules of the insurance company, receive commissions, except as allowed by it; the plea not alleging that at the time the defendants accepted the loan the plaintiff's position as agent of the insurance company was adverse to their interest, and that they were ignorant of the fact that he was such agent.

Argued October 25, 1897. — Decided January 20, 1898.

Complaint.   Before Judge Smith.   Wilcox superior court. March term, 1897.

*Cutts & Lawson,* for plaintiff.
*A. C. Pate* and *E. H. Williams,* for defendants.

Fish, J.   Hanesley sued J. R. Monroe, Fannie E. Monroe and Sarah J. Fuller, for commissions claimed to be due him for services rendered the defendants in procuring for them, under an alleged contract, a loan from the Union Central Life Insurance Company.   Defendants amended their plea by adding, in substance, the following :   Plaintiff was, at the time defendants made application to the Union Central Life Insurance Co., the agent of said company, and it was his duty as such agent to solicit applications for insurance therein, and the rules of the company forbade its agents to take or receive commissions for their services in procuring loans from the company, other than their commissions on the premiums on the

insurance; and the plaintiff could not, under the rules of the company, receive commissions except as allowed by the company, he being its agent at the time. This amendment was allowed by the court, over the objection of plaintiff that it did not set forth any defense to the action.

The only question in the case necessary to be considered is, did the court err in allowing the amended plea over the objection made? Counsel for defendants in error contend that when the case was here before (97 *Ga.* 471), this court in effect held that what is set out in the amended plea would constitute a valid defense to the suit. That question, however, was not then presented for adjudication, and was not passed upon. The amended plea had not then been filed, and the only point ruled was, that evidence should be confined to the issues made by the pleadings; that it was error to admit evidence which was wholly irrelevant and immaterial to the issues in controversy. It was not decided that such irrelevant and immaterial matters would constitute a good defense to the action, if pleaded. We do not think that merely because the plaintiff, at the time defendants made application for the loan to the insurance company, was the agent of such company and not permitted by its rules to receive commissions for loans made by it, was a sufficient reason to prevent the plaintiff from recovering of the defendants specified commissions which he alleged they had agreed, under an express contract, to pay him for procuring the loan. The violation of the company's rule was not a matter of defense for the defendants. It was not illegal for plaintiff to contract with borrowers from the insurance company for commissions on loans negotiated by him, although he may have agreed with the company that he was to receive, as compensation for his services in reference to such loans, only a percentage of the premiums paid by the borrowers upon insurance policies issued to them by the company. In the case of Fairly *v.* Wappoo Mills, decided by the Supreme Court of South Carolina (22 S. E. Rep. 108), it appeared that an ordinance of the City of Charleston provided that brokers should pay a license-tax, and subjected to a penalty any one who should engage in the business of a broker without having paid such tax;

but neither the ordinance nor the statute under which it was passed contained anything making the business of a broker who had not paid the tax unlawful. It was held that the fact that the broker had not paid the license-tax required by such ordinance was no defense against an action brought by him to recover commissions on a sale duly made. If defendants contracted to pay plaintiff a specified commission for his services in procuring a loan for them, and if plaintiff procured the loan from the insurance company of which he was agent at the time, then, if his position as agent of the company was adverse to the interest of the defendants, the plea should have set forth how such interest was adversely affected, and that defendants were ignorant of the fact that plaintiff was the agent of the company when they accepted the loan. If they knew at the time they accepted the loan that plaintiff was the agent of the lender, they were as much estopped from pleading that such agency was adverse to their interest as if they had known of it at the time they contracted with plaintiff; and it is manifest, if they contracted with plaintiff to procure a loan from the company knowing at the time that he was its agent, that they would not be heard to say that such agency was inconsistent with their interest. We are of opinion that the amended plea did not set forth a valid defense to plaintiff's action, and that the court erred in not sustaining plaintiff's objection to the same.

*Judgment reversed. All the Justices concurring.*