## STEPHENSON v. EMPIRE LIFE INSURANCE COMPANY.

1. Where a life-insurance policy contained a stipulation that "If any premium is not paid on or before the day it is due, or if any note or other obligation that may be accepted by the company for the whole or any part of the first or any subsequent premium, or any other payment under this policy, be dishonored or not paid on or before the day when due, this policy shall, without any affirmative act on the part of the company or any of its officers or agents, be null and void, except as herein provided," and the evidence on the trial showed that the insured was in life and failed to pay a note given for a portion of the first annual premium when the note became due, such failure worked a forfeiture of the policy.

2. The condition set out in the preceding headnote was not waived by a demand made by the insurer after maturity of the note for its payment, where the insured refused payment.

NOVEMBER 16, 1912. REHEARING DENIED DECEMBER 13, 1912.

Action upon insurance policy.  Before Judge Gilbert.  Muscogee superior court.  January 29, 1912.

Mrs. Stephenson instituted suit as beneficiary of a policy of insurance issued by the defendant company on the life of her husband, E. H. Stephenson.  Under the evidence the court directed a verdict for the defendant.  Exceptions were taken to this ruling, and to the overruling of a motion for new trial.  The petition alleged the following:  On June 30, 1908, the defendant issued to E. H. Stephenson a contract of insurance on his life for the sum of $1,000.  By the terms of the contract it is provided:  "This contract is made in consideration of the payment in advance to the Company of Seventy and 63/100 dollars on the delivery of this policy, and thereafter to the Company at its Home Office in the City of Atlanta, Ga., upon the 30th day of June in each and every year, until premiums for Twenty full years shall have been paid, or until the prior death of the insured."  The insured died on the 18th day of March, 1909, while the contract was in full force and effect.  Written proofs of the death of the insured were made and served upon the defendant.

The defendant's answer denied the plaintiff's right to recover on the contract sued upon, and averred that under its terms it was specifically provided:  "If any premium is not paid on or before the day it is due, or if any note or other obligation that may be accepted by the company for the whole or any part of the first or any subsequent premium, or any other payment under ·this policy, be dishonored or not paid on or before the day when due, this policy shall, without any affirmative act on the part of the company or any of its officers or agents, be null and void, except as herein provided."  The defendant further averred that the insured executed his promissory note dated June 30, 1908, "and payable without grace on November 1, 1908, to this defendant for the sum of Forty-two and 38/100 ($42.38) dollars, said note being given as a part of the premium due upon said policy, and the same was accepted as extending the time of payment for that part of the premium due upon said policy, but was not accepted as payment of said premium or any part of said premium."  It was further alleged that when the note fell due the insured, then in life, failed and refused to pay the note, and that it still remains unpaid, and that under the terms of the contract the policy is void

and there is no liability to the beneficiary by the defendant under the terms of the policy.

*Hatcher & Hatcher,* for plaintiff.

*Charlton E. Battle* and *Howell Hollis,* for defendant.

HILL, J.    (After stating the foregoing facts.)

The insured, Stephenson, received from the Empire Life Insurance Company a contract of insurance on his life for $1,000, dated June 30, 1908. He gave his note for a part of the premium due on the policy, payable without grace on November 1, 1908. He died on March 18, 1909, without having paid the note. One of the terms of the contract of insurance was that "If any premium is not paid on or before the day it is due, or if any note or other obligation that may be accepted by the company for the whole or any part of the first or any subsequent premium, or any other payment under this policy, be dishonored or not paid on or before the day when due, this policy shall, without any affirmative act on the part of the company or any of its officers or agents, be null and void, except as herein provided." The evidence shows that after the note became due, and while the insured was still in life, the defendant company made demands upon the insured for the amount due on the note, but the same was not paid. The following receipt was also offered and read in evidence: "Received from E. H. Stephenson of Chalybeate, Ga., the sum of Seventy and 63/100 dollars, being the first annual premium on policy No. 12951, due on June 30, 1908, which pays the regular premium up to 30th day of June, 1909. This receipt to be valid must be signed by the President or Secretary, and countersigned by an authorized agent of the Company. Countersigned this 23rd day of July, 1908. J. T. Tillman, Agent. Thos. M. Callaway, Secretary."

The controlling question in this case is, whether, the defendant having issued its receipt, and the same having been accepted by the insured for the amount of the first annual premium on the policy, and the insurer having demanded the premium, as evidenced by the note, after the note became due and before the death of the insured, there was a waiver of the condition in the policy that *it* should be void if any note given for the premium, or a part thereof, was not paid on or before the day it became due. A receipt is only prima facie evidence of payment, and may be denied or explained by parol. Civil Code, § 5795. The undisputed evidence is

that the premium on the policy, as evidenced by the note or other-
wise, was never paid. It is insisted that the note was taken in
payment of the premium, as cash. But the policy by its very terms
negatives the idea that the note was accepted as payment, whether
paid or not. It is also argued that the insurance company, having
endeavored to collect the note after it became due, 'and prior to
the death of the insured, will be held to have waived the condition
that the policy is void if the note be not paid on or before maturity.
The reply to this contention is found in the case of *Sullivan* v.
*Connecticut Indemnity Ass'n,* 101 *Ga.* 809 (29 S. E. 41), where
this court, on substantially the same facts as in this case, held as
follows: "1. The evidence introduced by the, plaintiff, on the
trial of an action upon a policy issued by a life-insurance associa-
tion, showing that promissory notes given by the insured for the
first premium on such policy had matured while he was in life,
and that the same had never been paid, and the policy stipulating
that 'No insurance shall take effect under this policy until the
first payment hereby required is made during the lifetime and
continued good health of the insured,' and also that 'In case any
note, check, or draft,' given in payment or part payment of money
due the association, shall not be paid at maturity, this policy lapses
in the same manner as it would had the payment not been made
when due,' there was no error in granting a nonsuit. 2. If, in
a case of this kind, a demand upon the insured for payment of the
premium notes after their maturity could, in any event, be treated
as a waiver by the association of the foregoing stipulations, it
certainly ought not to be so treated when payment is refused."
To the same effect, in the case of *National Life Ass'n* v. *Brown,* 103
*Ga.* 382 (29 S. E. 928), it was held: "It being in a contract of
life insurance stipulated that 'if all stipulated payments or notes
are not paid on or before the day when due, then, and in either
event, this contract shall become null and void and all moneys
paid thereon shall be forfeited to the said association,' a failure
by the insured to pay on or before its maturity a promissory note
given for the first premium worked a forfeiture of the policy. And
this is true although the company, through its agent, made an
effort to collect the note but failed to do so." See also, *McCroskey*
v. *Hamilton,* 108 *Ga.* 640 (34 S. E. 711, 75 Am. St. R. 79); *Neal*
v. *Gray,* 124 *Ga.* 510 (52 S. E. 622); *Hipp* v. *Fidelity &c. Ins. Co.,*

128 *Ga.* 491 (57 S. E. 892, 12 L. R. A. (N. S.) 319) ; *Mutual Life Ins. Co.* v. *Clancy,* 111 *Ga.* 865 (36 S. E. 944) ; *Reese* v. *Fidelity Mut. Life Ass'n,* 111 *Ga.* 482 (36 S. E. 637) ; *Mutual Reserve Fund Ass'n* v. *Stephens,* 115 *Ga.* 192 (41 S. E. 679). The above-cited cases are controlling. The writer has examined the records in the first two cases cited, and they can not be distinguished in their facts from the present case. Mr. Cooley, in his Briefs on the Law of Insurance, p. 2269 (f), lays down the rule substantially in accord with our own decisions, as follows: "It is commonly stipulated by insurance companies that if a note is accepted for a premium, a failure to pay the note at maturity shall terminate the insurance. When the policy, or the policy and the note, contain a stipulation to this effect, a failure to pay at maturity a note given for the premium will work a forfeiture of the insurance," citing numerous authorities in support of the text.

We have been asked to review the cases of *Mutual Life Insurance Company* v. *Clancy, Reese* v. *Fidelity Mutual Life Association,* and *Mutual Reserve Fund Association* v. *Stephens,* cited supra, and, if found in conflict with the view contended for by the plaintiff in error, to overrule the same. After reviewing those cases, we decline to overrule them. Applying the law as laid down by this court in the 101 and 103 *Ga.,* supra, to the facts of this case, irrespective of the errors alleged to have been committed, as set out in the grounds of the motion for a new trial, a verdict for the defendant was demanded, and the trial court did not err in directing accordingly. While objection was made to the testimony delivered by the secretary of the company to the effect that the premium had not been paid, and if for any reason assigned such testimony should have been excluded, the note given by the insured for a portion of the premium was introduced in evidence by the company. This note was payable to the company, and its possession by the payee was presumptive of its non-payment. *Haywood* v. *Lewis,* 65 *Ga.* 221; *McCamy* v. *Cavender,* 92 *Ga.* 254 (18 S. E. 415). There was no evidence to rebut this presumption. Therefore, if the court had excluded from consideration the testimony objected to, the verdict, under the law and evidence duly admitted, would none the less have been demanded.

*Judgment affirmed. All the Justices concur.*