### 4998.  COLUMBIAN NATIONAL LIFE INSURANCE COMPANY v. MULKEY.

HILL, C. J.  "The failure to pay a promissory note, taken in payment of an insurance policy (although it is stipulated in the note that the non-payment of the same at maturity will avoid the policy), will not forfeit the policy, where there is no condition in the policy itself providing for its forfeiture for the non-payment of notes."  · "When· the condition as to forfeiture for non-payment on maturity of a note given for the premium is contained only in the note, the mere fact that the note is not paid at maturity does not of itself avoid the policy.  Such a provision is a condition subsequent, of which the company must avail itself by clear and unequivocal acts."  The decision in *Arnold* v. *Empire Insurance Co.*, 3 *Ga. App.* 685 (60 S. E. 470), is controlling.  There is no conflict between the decision in that case and the decision of the Supreme Court in *Stephenson* v. *Empire Life Insurance Co.*, 139 *Ga.* 82 (76 S. E. 592).  In the *Stephenson* case the provision relating to forfeiture for non-payment of premium notes was contained in the policy itself; in the *Arnold* case it was in the premium note only; and in the instant case the condition was contained, not in the policy contract, but only in the note, and is therefore within the ruling in the *Arnold* case.  Joyce on Insurance, § 1211; May on Insurance, § 345e.  *Judgment affirmed.*

DECIDED AUGUST 25, 1913.  REHEARING DENIED SEPTEMBER 16 AND OCTOBER 3, 1913.

Action on life-insurance policy; from city court of Atlanta— Judge Reid.  May 31, 1913.

The policy was issued March 4, 1911.  It states that in consideration of the attached application of the insured, and of the payment of the annual premium of $137.35 on the 4th day of March in every year during the continuance of the policy, the insurance company agrees to pay the amount of the policy on receipt of due proof of the death of the insured.  It contains the following provision:  "All premiums are payable in advance at the home office in Boston, but may be paid to an agent of the company in exchange for a receipt signed by the President or Secretary.  No modification of this contract shall be made except over the signature of one of such officers."  In the application it is agreed that "the insurance hereby applied for shall not take effect until the issuance and delivery of the policy and the payment of the first premium thereon while I am in sound health."  A part of the premium for the first year was paid in cash, and for the remainder the insured executed two notes to the insurance company, payable six and nine months from date respectively.  In each note it is stated that the note is given with knowledge and intent that if it

is not paid when due, without grace, the policy shall become void without further notice. The first note became due on August 28, and was unpaid when the insured died on September 27, 1911. The insurance company's district manager, J. A. Bowen, had previously signed and sent to the insured a letter, dated September 26, 1911, calling attention to the fact that this note was due, and concluding as follows: "Will you kindly call and pay this; otherwise your insurance will lapse." On October 3, 1911, payment of the note was tendered by the beneficiary named in the policy, and the tender was refused. Payment of the policy was refused, and the beneficiary brought suit on it. The foregoing facts appear from the petition, and it is alleged that the non-payment of the note at maturity did not as a matter of law cause a forfeiture of the policy, and that if non-payment would otherwise have caused a forfeiture, prompt payment of the note and the forfeiture of the policy were waived by reason of the fact that the insurance company, after the maturity of the note, retained it, and still retains it, as well as the other note, and continued to demand payment of the note, through its duly authorized agents, and expressly and impliedly treated the policy as being still of force, until the death of the insured.

A general demurrer to the petition was overruled, and the defendant excepted.

*Watkins & Latimer,* for plaintiff in error.
*Horton Brothers & Burress, Anderson & Rountree,* contra.