6264. COLUMBIAN NATIONAL LIFE INSURANCE CO. *v.* MULKEY.

BROYLES, P. J. 1. There is no merit in the motion to dismiss the writ of error. The constitutional question raised, or attempted to be raised, in this motion was decided by the Supreme Court when this case was before it on a certification by this court of a question of law therein, and when the motion of the defendant in error for that court to refuse to answer such question was denied; the Supreme Court ruling that the Court of Appeals had jurisdiction of the case at the time the certification of the question was ordered. 146 *Ga.* 267 (91 S. E. 106). This being true, it is obvious that this court did not lose jurisdiction of the case merely because the clerk of this court did not transmit to the Supreme Court a certified copy of the question, together with the record in the case, until after the expiration of the second term after the writ was brought, such action by the clerk being merely ministerial in its nature. The question was legally certified to the Supreme Court when this court passed the order certifying it.

2. Where suit is brought on an insurance policy which contains a stipulation to the effect that the policy will be void if procured by fraud on the part of the insured, a defense by the insurer that the policy is avoided on account of wilful and material misrepresentation, made by the insured in his application for the policy, is not an attempt to rescind the contract, but an attempt to have it declared void ab initio. In such a case it is not necessary for the insurer, before pleading that the policy was voided by such misrepresentations, to return the premiums paid or the notes given therefor. The provisions of section 4305 of the Civil Code of 1910 are not applicable to such an action, but the law governing it is found in sections 2479, 2480, 2481. In other words, the insurer has a right to retain the premiums already received on the policy, and to avoid the policy because of the fraud practiced upon the insurer by the insured, and to plead such fraud as a defense to the suit. *Columbian National Life Insurance Co.* v. *Mulkey,* 146 *Ga.* 267 (91 S. E. 106).

3. Under the ruling of this court when this case was formerly before us (*Columbian National Life Insurance Co.* v. *Mulkey,* 13 *Ga. App.* 508,

79 S. E. 482), it was not error for the trial court to strike. paragraphs 3, 5, 6, and 7 of the original answer, or to strike the whole of the amendment allowed and filed November 1, 1913, or to strike the whole of the amendment allowed and filed December 15, 1914. This court in its previous decision of the case, however, did not pass on the question ruled upon in the preceding paragraph of this decision; and, under the decision of the Supreme Court in this case (supra), the trial judge erred in striking the paragraphs of the original answer, with the exception of those just mentioned, and in striking the amendment allowed and filed December 3, 1914, and in refusing to allow the defendant to sustain by proof the allegations therein made.

4. The error in striking the above-mentioned pleas of the defendant rendered the further proceedings in the case nugatory, and it is not necessary to discuss the other assignments of error.

<em>Judgment reversed. Jenkins and Bloodworth, JJ., concur.</em>

DECIDED FEBRUARY 1, 1917.

Action on insurance policy; from city court of Atlanta—Judge Reid. December 15, 1914.

*Colquilt & Conyers,* for plaintiff in error.

*Horton Brothers, Anderson & Rountree,* contra.