## COOK *v.* LAMAR LIFE INS. CO.

(Division B. Jan. 6, 1930.)

[125 So. 409. No. 27970.]

**Reily & Parker,** of Meridian, for appellant.

**Wells, Jones, Wells & Lipscomb,** of Jackson, for appellee.

**Griffith, J.,** delivered the opinion of the court.

When a note is given in payment of an insurance premium, and the policy provides, as is provided by the policy in this case, that on default in the payment of the note the policy shall thereby become null and void, there is an abundance of authority to the effect that the forfeiture is waived if, after such default, the insurer demands payment of the past-due note for its full amount, and continues to assert liability against the insured for said full amount; and where there is a provision in a note, such as is contained in the note in this case, that, "in case this note is not paid at maturity, the full amount of said first annual premium shall be considered earned as premium during its currency, . . . and the company shall have the right without waiving such annullment to collect the full amount . . . of the said note," there is authority that such a provision in a premium note is void. 14 R. C. L. 1192, 1193.

But we do not find it necessary to decide either of the foregoing points in this particular case, because the plea of the defendant alleges that, when the agent of the insurer presented the overdue note for the first premium and urged the insured to pay it, the insured failed and *refused* to pay said note, and the replication of the insured did not deny the said allegation of *refusal* to pay.

Whatever may be the confusion of authority on these questions, and however much courts have been alert to seize upon available circumstances to prevent forfeitures, we think no sound or well-considered case can be found in any of the books which would maintain the proposition,

so destitute of justice, that when an insurance company, being reasonably willing to waive the default, presents a past-due note for a premium, and that offer to waive is met by a *refusal* to pay, the insured nevertheless continues to be bound. When an insured, or one claiming under him, by suit insists upon such a waiver, the person so insisting is in no position to maintain that insistence, when his position in point of fact has been one of positive, active wrong in the transaction, which is exactly the case when the relative conduct on his part has been, not a mere failure, but a declination of his obligation, and a refusal to recognize it—a *refusal* to pay. In such a case as is here before us, the insured is unable to unloose himself from his own wrong, in the essential state of facts which make up the case. We therefore agree with the conclusion in such cases as Stephenson v. Empire Ins. Co., 139 Ga. 82, 76 S. E. 592.

The same result is reached by approaching the question from another viewpoint: Insurance is a matter of contract, and contracts, of course, are creatures of voluntary assent or agreement. When the insurance company offered to waive the forfeiture and keep the contract alive, it was an offer which the insured could accept or reject; and when he refused to pay he refused to accept, and thereby rejected. It was not an offer which he was compelled, willingly or unwillingly, to accept, and was not an offer which the company was compelled, and had become bound, to keep open in spite of its rejection. There is nothing in the law of insurance, or so peculiar to that branch of the law, which restricts waivers solely to the insurer. The insured may also waive; and the situation here presented, as it appears to us, may be expressed by the phrase that there was a waiver of the waiver.

Affirmed.