8723

McMANUS v. PRUDENTIAL INS. CO. OF AMERICA.

1. INSURANCE—NONSUIT.—In an action on an insurance policy, in which the defense of forfeiture is alleged, motion for nonsuit should be made after all the evidence is in, as plaintiff is entitled to show waiver of forfeiture if he can.

2. IBID.—WAIVER.—Reinstating a policy after forfeiture by not paying premium when due without application from insured, holding a check issued for a subsequent premium after due for a long time and until after death of insured are circumstances from which waiver of forfeiture may be presumed.

Before FRANK B. GARY, J., Richland, June, 1913. Affirmed.

Action by Nora Ellen McManus against Prudential Insurance Company of America. Defendant appeals.

*Messrs. Mordecai & Gadsden & Rutledge* and *Robert Moorman,* for appellant, cite: *Waiver by local agent could*

*not bind the company unless ratified by it:* 29 S. C. 582;
1 Joyce Par. 539; 19 At. 386; 19 Ency. 57. *Issue of
waiver was for Court:* 83 S. C. 261; 46 S. C. 546; 54 S. C.
544; 88 S. C. 221; 70 S. C. 75; 139 Pa. St. 546; 58 Pa.
St. 444; 90 S. C. 168; 93 S. C. 88; 4 S. C. 321; 95 S. C.
165.

*Mr. Frank G. Tompkins,* contra, cites: *As to the law
governing the waiver of forfeitures:* 70 S. C. 75; 88 S. C.
·31; 95 S. C. 168; Code 1902, 2711-2; 57 S. C. 347; 78
S. C. 444; 54 S. C. 603; 70 S. C. 16; 78 S. C. 398; 75 N.
W. 864; 9 Kan. 238. *Estoppel to insist on forfeiture:* 3
Cooley 2700; May 170; 96 U. S. 234; 106 U. S. 30; 159
Fed. 408; 142 Fed. 709. *Acceptance of past due premium
operates as waiver:* 95 U. S. 326; 70 N. E. 462; 148 Mo.
1; 55 Vt. 100; 95 S. C. 1; 93 S. C. 88. *When motion for
nonsuit should be made:* 70 S. C. 75. *Local agent can
waive any right of company:* 57 S. C. 347.

January 13, 1914. The opinion of the Court was deliv-
ered by

Mr. Justice Fraser. This is an action on a policy of
·life insurance on the life of Amos A. McManus, issued by
the Prudential Insurance Company of America, in favor of
plaintiff. The policy is dated the 8th day of April, 1911,
for one thousand dollars. The premiums of insurance were
payable on the 8th days of April and 8th days of October
of each year for twenty years. Under the terms of the
policy the insured was granted thirty days of grace in which
to pay the premiums, without interest after the install-
·ments became due and an extension of insurance for sixty
days per year of the life of the policy. The first payment
was made at the time of the delivery of the policy. The
·policy provided that the policy would lapse for nonpayment
of premiums, but that after the policy lapsed it could be

revived by the payment of the past due premium with interest and satisfactory proof that the insured was still insurable. There was evidence from which the jury might have inferred that the second semiannual installment was not paid until after the time allowed and the policy was revived informally ·or without proof of insurability. The third semiannual premium was due 8th April, 1912, the thirty days expired on 8th ·May; on the 11th May, 1912, the insured sent a check to Mr. J. T. Coleman, the district agent of the company, for fourteen and 63-100 dollars, the amount of the premium, with the following request : "Please mail receipt for same as I did not receipt for last payment" (*sic*).

The check and request were received by Mr. Coleman on 12th May, 1912. On May 27 Mr. Coleman wrote the insured the following letter :

· "Charleston, S. C., May 27, 1912.
"Mr. A. A. McManus, Columbia, S. C.

"Dear Sir : I received your check in the sum of $14.63, under postmark May 11th. ·Since the grace period of 30 days expired on May 8th, it will be necessary to have you looked over by a physician in order to revive the policy. I am enclosing to you revival application which you will complete, and be looked over either by Dr. Bunch or Boozer, and enclose to me with your check for $1.00, when I will have the company revive the policy for you. I note that envelope was mailed at Hopkins, and suppose that you were there temporarily. Our physician at Hopkins is Dr. Claytor. Regretting the inconvenience caused you by your oversight and with best wishes, I am, · Very truly yours, J. T. Coleman, Manager."

The insured became sick on 7th July, 1912, and died on 31st July, 1912.. On 20th August, 1912, Mr. Coleman returned the check to the family of the insured. The fact that the insured replied to the letter of the 27th appears in

the case, but the contents of that letter were excluded.   On July 8th the agent of the defendant wrote the following letter:

"July 8, 1912.

"Mr. A. A. McManus, Columbia, S. C.

"Dear Sir: On May 27th we wrote you in connection with the reviving of your policy, and sent you the necessary application blank which we requested you to present to either Dr. Bunch or Boozer, and have yourself looked over.

"When forwarding the paper to me please enclose the check for $1.00 in payment for the medical report of the physician.

"I am anxious to get that policy back in full force, and will appreciate hearing from you. Very truly yours, Mgr."

There was no evidence to show that the insured received this letter.   On the trial of the case there was a motion for a nonsuit and to direct a verdict.   Both motions were refused.

There was and is only one question in this case and that was waiver.   The jury found for the plaintiff and from the judgment entered thereon, this appeal was taken upon the following exceptions:

First. "Because the presiding Judge erred in refusing the motion for nonsuit made upon the ground that under the testimony offered on behalf of the plaintiff, including the documentary evidence, there was absolutely no proof of the payment of the last premium due upon the policy within the time provided in the said policy." This motion was made at the close of plaintiff's direct evidence.   This exception cannot be sustained.

*Pearlstine* v. *Insurance Co.*, 70 S. C. 77, 49 S. E. 4: "At the close of plaintiff's testimony, defendant asked for a nonsuit on the ground that the foregoing conditions to recovery had not been complied with.   If we assume that

the evidence established noncompliance, a nonsuit would have been improper, because, as has been frequently held, the plaintiff might show waiver by the defendant. *Sample* v. *Insurance Co.,* 42 S. C. 14, 19 S. E. 83; *Copeland* v. *Assurance Co.,* 43 S. C. 26, 20 S. E. 500; *Carpenter* v. *Accident Co.,* 46 S. C. 546, 24 S. E. 500. The exceptions as to refusal of nonsuit cannot, therefore, be sustained. In such cases the motion for nonsuit or to direct a verdict should be made at the close of all the testimony."

Second. "Because the presiding Judge erred in refusing the motion to direct the verdict in favor of the defendant upon the following grounds:

First. "That the only inference from the testimony in this case is that the premium in question was not paid within the thirty days of grace allowed by the policy.

Second. "That the only inference from the testimony in this case is that the policy was not revived within sixty days from the date when the premium was due, by the insured furnishing evidence satisfactory to the company of his insurability.

Third. "That the insured has no rights under the policy nonforfeitable clause, because his death did not occur within the sixty days extended insurance allowed under that clause."

This exception cannot be sustained. Mr. Coleman, the district manager for the company, said on cross-examination: "What does that mean on that paper here? That is the home office record of reviving the policy without any action on his part."

This refers to the October payment received after time. The insured might well suppose that the company were not standing on a few days, *i. e.,* three days. The fact that he had received no receipt for the November payment might well lead him to suppose that the failure to receive an acknowledgment of the May payment was not an indica-

tion that the premium had been refused. The long holding
of the check without protest, the continued holding until
after the death, were circumstances from which the jury
might have inferred waiver and the presiding Judge could
neither grant the nonsuit nor direct a verdict.

The judgment is affirmed.